UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD K. WHITTAKER,

        Plaintiff,

v.

                                    Case No. 25-cv-772-pp

FRANK J. BISIGNANO,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

*Plaintiff's counsel should note: the court prefers that a plaintiff use the Eastern District of Wisconsin's "Non-Prisoner Request to Proceed in District Court*

1

*Without Prepaying the Filing Fee" form (available on the court's website)—it contains information not included in the form the plaintiff submitted.* However, based on the facts in the application the plaintiff did file, the court concludes that he does not have the ability to pay the filing fee. The form does not include a question as to whether the plaintiff is married (if he were, the court would have to consider any income earned by his spouse), but according to the plaintiff, there are no persons who are dependent upon him for support. Dkt. No. 2 at 2. The plaintiff indicates that he is not employed and that his total monthly income is $2,188 ($1,564 Social Security retirement, $600 government stipend, $24 food stamps). Id. at 1. The plaintiff lists monthly expenses totaling $1,875 ($1,200 rent, $400 food, $100 transportation (bus), $50 medical/prescriptions, $35 internet, $30 laundry, $60 storage unit). Id. at 2. The plaintiff states that he owns no property of value and that he has no cash on hand or in a checking or savings account. Id. With regard to debts or financial obligations, the plaintiff states, "I have an outstanding debt with Marine Credit Union for a vehicle I previously owned, but had to surrender it. They told me I owe $9,800." Id. Although the submitted form does not include a section for the plaintiff to describe any other circumstances he'd like the court to consider when reviewing his request, the court finds that the plaintiff has demonstrated that he cannot pay the $405 fee.

    The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319,

2

Case 2:25-cv-00772-PP   Filed 05/29/25   Page 2 of 3   Document 5

325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied Social Security disability insurance for lack of disability, that he is disabled and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence, are contrary to law and regulation and are based on legal error. Dkt. No. 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 29th day of May, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**